IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
|---|---|---|
| ROBERT T. SHUMAC, JR. and CATHLEEN M. SHUMAC, | : | BANKRUPTCY NO.: 5-08-bk-52894 |
| DEBTORS | : | |

# OPINION[1]

The above-captioned Debtors filed a Chapter Seven Petition on October 14, 2008. Among other items of personal property listed on Schedule B is an asset identified as "[a]uto accident litigation proceeds, auto accident, debtor husband was hit head on by drunk driver, amount speculative, . . . ." The current value of the Debtors' interest in this property was also listed as unknown. The original Schedule C filed by the Debtors took an exemption in the auto accident litigation proceeds under 11 U.S.C. § 522(d)(11)(D) listing the "Value of Claimed Exemption" at $0.00 with a "Current Value of Property Without Deducting Exemptions" as unknown. Thereafter, on December 10, 2008, the Debtors amended their "Schedule C-Property Claimed as Exempt" to change the "Value of Claimed Exemption" in the auto accident litigation proceeds to $40,400.00, again with the "Current Value of Property Without Deducting Exemptions" as unknown. (Doc. #17.)

The Trustee, Charles A. Szybist, filed an Objection to Exemption on January 8, 2009, (Doc. #21), alleging that, because no permanent impairment resulted from the accident, neither joint Debtors could use 11 U.S.C. § 522(d)(11)(D) as a basis to claim

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

K:\Cathy\Opinions-Orders filed 2010\5-08-bk-52894_Shumac.pdf

any proceeds as exempt under that Section. The Debtors' response was that no permanent injury or impairment was required to establish the exemption under the aforesaid Code Section and that a standard of "the magnitude of bodily injury necessary to qualify for this exemption" is all that is required. (Doc. #23.)

On the eve of the hearing on the Objection to Exemptions, the Trustee filed "Amended Objections to Exemptions" adding Count II to the original objection which, in short, argues that 11 U.S.C. § 522(d)(11)(D) prohibits the Debtors from exempting any claim attributable to pain and suffering or compensation for actual pecuniary loss. (Doc. #47.) Debtors' response to the Amended Objection was that it should be dismissed as untimely because it was filed substantially more than thirty (30) days after the date the § 341(a) meeting of creditors was held and, at no point during the period within thirty (30) days after the meeting of creditors was held, did the Trustee seek an extension of the applicable time period to file objections under Federal Rule of Bankruptcy Procedure 4003(b)(1). (Doc. #54.)

A hearing was held on the initial Objection on June 17, 2009, and the Court took that matter under consideration after the filing of briefs in support and in opposition. Thereafter, the Court held a hearing on September 18, 2009, on Debtors' Motion to Dismiss the Amended Objection by the Trustee. This Opinion addresses both matters taken under advisement.

11 U.S.C. § 522(d)(11)(D) reads as follows:

**§ 522. Exemptions**

    (d) The following property may be exempted under subsection (b)(2) of this section:
        (11) The debtor's right to receive, or property that is traceable to--
            (D) a payment, not to exceed $20,200, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; . . . [footnote omitted].

Federal Rule of Bankruptcy Procedure 4003(c) provides as follows:

**Rule 4003. Exemptions**

    (c) *Burden of Proof.* In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

House Report 95-595 provides, "this provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant cost that accompany such loss, such as medical payment, pain and suffering, or loss of earnings. Those items are handled separately by the bill." H.R. 95-595 at 362, U.S. Code Cong. and Admin. News 1978, pp. 5787, 6318.

To say that the exemption provided by Section 522(d)(11) and the attendant legislative history is a bit ambiguous would be an understatement. Cases discussing the ambiguity of this section and the little guidance provided by the legislative history are

legend and need not be cited herein. For resolution of this Opinion, the Trustee's sole position is that the personal bodily injury referred to in the exemption section must be permanent. For their part, the Debtors assert the injury does not need to be permanent and they have no quarrel with the Trustee's Amended Objection that the exemption cannot extend to pain and suffering or compensation for actual pecuniary loss but only advance that part of the Objection based upon its timeliness.

The filing of an objection to an exemption creates a dispute which is a contested matter under the Federal Rules of Bankruptcy Procedure. See the Advisory Committee Note to Rule 9014 (Contested Matters). Federal Rule of Bankruptcy Procedure 4003 (Exemptions) at subparagraph (b)(1) provides the following:

**Rule 4003. Exemptions**

> (b) *Objecting to a Claim of Exemptions*.
> (1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

There is no question that the Trustee's initial Objection to the exemptions was timely under the applicable Rule. Furthermore, under Rule 9014(c), "the court may at any stage in a particular matter direct that one or more of the other rules in part VII (Adversary Proceedings) shall apply." Federal Rule of Bankruptcy Procedure 7015 (Amended and Supplemental Proceedings) at subparagraph (a)(2) provides as follows:

> (a) A<small>MENDMENTS</small> B<small>EFORE</small> T<small>RIAL</small>.

K:\Cathy\Opinions-Orders filed 2010\5-08-bk-52894_Shumac.pdf    4

Case 5:08-bk-52894-JJT    Doc 69    Filed 03/04/10    Entered 03/04/10 14:11:59    Desc
Main Document    Page 4 of 9

> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Court notes that the prayer of the original Objection requests that the claimed exemption of $40,400.00 under 11 U.S.C. § 522(d)(11)(D) be dismissed and denied. The Court finds that the Debtors were put under adequate notice by the prayer of the original Objection that the exemption was being attacked by the Trustee under the entirety of 11 U.S.C. § 522(d)(11)(D). It appears, perhaps out of an abundance of caution, that the Trustee felt it necessary to amend the Objection to specifically call attention to that portion of subparagraph (d)(11)(D) referencing that the exemption could not include pain or suffering or compensation for actual, pecuniary loss. Regardless of the Trustee's motivation, the Court finds that the Debtors were not prejudiced in any manner by the filing of the Amendment and that their due process rights to defend the Objection were not compromised by the filing of the Amendment to the Objection and the timing of the Amendment. It is for these reasons that the Court will overrule the Debtors' Objections to the asserted untimeliness of the Trustee's Amendment to its original Objections to the Exemptions.

Having determined to permit the Trustee to amend the objections to the underlying exemption as set forth above, I will now address whether personal bodily injury needs to be permanent and, secondarily, whether a "loss of consortium" also qualifies under this exemption. The plain reading of the exemption and the accompanying legislative history provides no definitive conclusion that the "personal bodily injury" must be of a

permanent nature.  Addressing the issue of defining personal bodily injury, the following is provided in the case of *In re Scotti*, 245 B.R. 17 (Bankr.D.N.J. 2000):

> Therefore the key to understanding and applying § 522(d)(11)(D) is defining "personal bodily injury," as that term is used in the statute.  The statute, unfortunately, fails to provide such a definition.  Case law, however, suggests that in order for a debtor to utilize § 522(d)(11)(D) the debtor must have suffered at least "appreciable" or "cognizable" physical injury.  *See In re Barner*, 239 B.R. 139, 142 (Bankr.W.D.Ky. 1999); *In re Ciotta*, 222 B.R. at 633.  Damages for loss of a limb, physical disability, bone fractures and dislocations, and loss of consortium have all qualified for exempt status under the statute.  *See In re Lester*, 141 B.R. 157, 157 (S.D.Ohio 1991); *In re Territo*, 36 B.R. at 669-670; *In re Blizard*, 81 B.R. 431 (Bankr.W.D.Ky. 1988); *In re Lynn*, 13 B.R. at 361.

*Scotti*, 245 B.R. at 20.

The permanency of injury issue was further addressed in the case of *In re Lawton*, 324 B.R. 20 (Bankr.D.Conn. 2005).  The Court, based upon both the reading of the statute and the legislative history, concluded that personal bodily injury did not need to be permanent to be exemptible under 522(d)(11).  Also, in support, the Court cited *In re Barner*, 239 B.R. 139, 145 (Bankr.W.D.Ky. 1999) and *In re Ciotta*, 222 B.R. 626 (Bankr.C.D.Cal. 1998).  See further, *In re Claude*, 206 B.R. 374 (Bankr.W.D.Pa. 1997).

In this case, the Debtors allege that as a result of the automobile accident, the Debtor suffered a cartilage tear of the left wrist and synovitis of the right wrist.  Furthermore, the injuries caused the Debtor to experience wrist pain with radiation into his arms and fingers.  Debtor alleges that he was unemployed for a period of nearly three months due to the severity of the personal injuries and continues, two years after the injury, to experience wrist pain.  The Court finds that the injuries suffered by the Debtor are the type of "personal bodily injury" covered by that term as used in § 522(d)(11)(D).

Addressing the female Debtor's exemption for loss of consortium, the Court has found very little case law addressing this issue. Several bankruptcy courts interpreting the exemption statute have found a loss of consortium to be exempt because it is derived from the spouse's personal bodily injury. See *In re Dealey*, 204 B.R. 17, 18 (Bankr.C.D.Ill. 1997), which wrote the following:

> While Illinois courts have not addressed the issue, bankruptcy courts interpreting exemption statutes from other states and the federal exemption statute have found a loss of consortium to be exempt because it is derived from the spouse's personal bodily injury. See, *In re Turner*, 190 B.R. 836, 840-41 (Bankr.S.D.Ohio 1996) (Loss of consortium is a derivative action, deriving from a spouse's claim for bodily injury under Ohio law); *In re Young*, 93 B.R. 590, 594-95 (Bankr.S.D.Ohio 1988); *In re Starr*, 101 B.R. 274, 275 (Bankr.E.D.Okla.1988) (Consortium action, though derivative, is founded on a personal bodily injury action under Oklahoma law); *In re Loyd*, 86 B.R. 663, 664 (Bankr.W.D.Okla.1988); *In re Carlson*, 40 B.R. 746, 748 (Bankr.D.Minn.1984) (Minnesota personal injury exemption includes loss of consortium); *In re Lynn*, 13 B.R. 361, 363 (Bankr.W.D.Wis.1981) (Loss of consortium is on account of actual bodily injury and therefore exempt under 11 U.S.C. § 522(d)(11)(D)).[2]

*Id.*

In Pennsylvania, a spouse's loss of consortium claim is also derivative of the other spouse's personal injury claim. See *Beswick v. Maguire*, 2000 Pa.Super. 60, 748 A.2d 701, 705 (2000); *Winner v. Oakland Township*, 158 Pa. 405 (27 A. 1110) (1893); *Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 495 A.2d 552 (1985); *Barchfeld v. Nunley by Nunley*, 395 Pa.Super. 517, 577 A.2d 910 (1990); *Nationwide Mutual Insurance Co. vs. Cosenza*, 258 F.3d 197 (3d Cir. 2001).

Exemptions are generally construed broadly in favor of the debtor. *In re Barker*,

---

[2] The *Dealey* Court did not address whether a loss of consortium could be exempt under the federal statute but rather addressed whether the particular loss of consortium exemption could be claimed under the applicable Illinois state exemption found at 735 ILCS 5/12-1001(h)(4).

K:\Cathy\Opinions-Orders filed 2010\5-08-bk-52894_Shumac.pdf     7

768 F.2d 191, 196 (7th Cir.1985); *Hyman v. Stern*, 43 F.2d 666, 668 (4th Cir.1930); *In re Gerber*, 186 F. 693, 693 (9th Cir.1911); *In re Andreotti*, 16 B.R. 28, 32 (Bankr.E.D.Cal. 1981). *In re Martin*, 269 B.R. 119, 121 (Bankr.M.D.Pa. 2001).

As referenced earlier, the objector to the exemption carries the burden of proving the exemption is not properly claimed. See Federal Rule of Bankruptcy Procedure 4003(c); *accord Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 754 (10th Cir. 2003). The arguments advanced by the Trustee in support of his objection to the claimed exemptions fail, and the Court will overrule the Trustee's objections. As to Count II of the Amended Objection, the Trustee asserts that Debtors are prohibited from exempting any claim attributable to pain and suffering or compensation for actual pecuniary loss. I note that the Debtors have not asserted an exemption of any part of the potential recovery that might be attributable to pain and suffering or compensation for actual pecuniary loss. Having a liquidated judgment in Debtors' favor in a personal injury action perhaps would make resolution of the underlying objections a task more easily accomplished. Such is not the case here for the Debtors have not initiated a lawsuit arising from the underlying accident.[3] An offer of settlement has been rejected by the Debtors.

> Typically, debtors' rights to receive payments for personal bodily injury are included either in a settlement with or a judgment against a third party. The judgments and agreements generally are not explicit as regards the character of the payments. Since any amounts attributable to pain and suffering are not exemptible under section 522(d)(11)(D), the court must determine the extent to which the lump sum or annuity payment is covered by the debtor's exemption. In reaching this conclusion, the burden of proof is on the party objecting to the claim of exemption.

---

[3] If the Trustee does not know the value of the potential proceeds of a lawsuit, in this regard, he could have sought a hearing on that issue. See Rule 4003(c).

4 Collier on Bankruptcy, ¶ 522.09[11] at 522-79 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.)

To the extent a settlement or judgment is entered in favor of the Debtors for both personal injury and loss of consortium, the exemptions are considered valid under 11 U.S.C. § 522(d)(11)(D), and the Trustee's objections to those exemptions are overruled. To the extent a future settlement or judgment does not parcel to amounts attributable to pain and suffering or for compensation for actual pecuniary loss, various procedural mechanisms are available to the Trustee to challenge the exemption to that portion of the potential settlement or judgment

An Order will follow.

By the Court,

Date: March 4, 2010

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*

K:\Cathy\Opinions-Orders filed 2010\5-08-bk-52894_Shumac.pdf    9

Case 5:08-bk-52894-JJT    Doc 69    Filed 03/04/10    Entered 03/04/10 14:11:59    Desc
Main Document    Page 9 of 9